## Omar L. Hittle v. Anna Zeimer et al.

1. RECORDS—*Import Absolute Verity.*—A certificate of evidence is a record and imports absolute verity.

2. NEGLIGENCE—*Of Counsel is of Client.*—The negligence of counsel in preparing for trial is in law to be imputed to his client.

**Bill to Remove Cloud from Title.**—Appeal from the Circuit Court of Cook County; the Hon. Thomas Windes, Judge, presiding. Heard in this court at the October term, 1895. Affirmed. Opinion filed January 22, 1896.

### Statement of the Case.

This bill, filed April 25, 1892, was brought by the appellant, claiming to be the owner of the premises in controversy, worth in the neighborhood of $100,000, and alleging that the defendants had clouded his title, and that certain sales of said premises, made by trustees under certain trust deeds, under which the defendants claim title, were fraudulent and void, and passed no title to the defendants or their grantors, and praying that he might be allowed to redeem from said

trustee's sales, and that said clouds might be removed and his title to the premises confirmed, etc. The defendants' answer, claiming title to the premises, set up their chain of title from the government down, claiming that said assignee's sales were valid and binding; that the appellant or his grantors, had instituted several bills in chancery, pertaining to this property, and that the Supreme Court of Illinois had decided against the appellant's title, and claiming that such decision was *res adjudicata* as to the title of said appellant in this suit, and claiming that certain parties connected with the appellant were prosecuting this suit with the consent of appellant, and in his name, for the purpose of blackmail, etc.

Twelve of the defendants subsequently filed cross-bills and amended cross-bills in the case, setting up substantially all the allegations contained in their answers, and praying that their title might be quieted and that appellant and others be enjoined from further litigating this title, etc. These cross-bills and amended cross-bills were answered by the appellant, and issues were joined upon the original and amended bills, and upon the several cross and amended cross-bills, both the appellant and the said cross-complainants setting up and charging fraud, conspiracy, chicanery and blackmail, involving not only the question of title, but the question of occupancy and possession, the statute of limitations, *laches*, estoppel, questions of fraud and perjury, and the question of *res adjudicata*, as to the title to these premises between these parties.

This appeal, however, does not involve an investigation of the facts in the case, as the case went by default on the part of the appellant; and the sole question before the court is, whether the motion to set aside the decree, and grant a trial upon the merits, was properly overruled, the appeal prayed for and allowed, being from the order overruling this motion.

Upon the presentation of the certificate of evidence to the court for its approval, the court, against the objection of the solicitor for the appellant, inserted in the certificate

a paper presented by the solicitors for the defendants and cross-complainants, the substance of which is as follows:

"The cause came up for trial in the regular chancery calendar on May 8, 1895, and a representative of Wm. J. Ammen, one of the solicitors for appellant—the other solicitor for appellant, Hugh Crea, Esq., not being present—stated that Mr. Ammen was sick and unable to undertake the trial of the case. It was therefore agreed, in open court, between the representative of Mr. Ammen and the solicitors for the defendants and cross-complainants, that said cause might be continued until May 16, 1895, upon the express understanding that if Mr. Ammen was not then recovered other counsel would be employed, and upon this understanding the court continued the case till May 16th, directing the parties to be ready at that time, and stating that the case must be tried upon that day, and that if the counsel was still sick, others must be engaged. At this time nothing was said to the effect that Mr. George F. Harding, a party to said cross-bills, was sick."

This trial was had on the last day but one of the April term of said court, 1895. On the 21st day of May, that being one of the first days of the May term of said court, 1895, the decree shown in the record, and set forth in the certificate of evidence, was filed and entered of record.

On the 13th day of June, that being one of the days of the May term of said court, 1895, a motion to set aside this decree and for a trial of the cause upon the merits, was made and filed in the case, with the affidavits therein referred to attached. This motion was on June 24, 1895, called up, argued, and overruled by the court.

The question now presented is, whether the court, in the exercise of discretionary power in such matters, properly overruled this motion. The affidavits set forth the following: That both Mr. Ammen and Mr. Crea were employed as solicitors for the appellant in the case. That Mr. Ammen was sick at the time the case was reached upon the regular trial calendar, and continued sick and was unable to attend court when the case was heard. That Mr. Crea was supposed to be in good

health, and able and prepared to try said cause, up to the morning of the trial.

That he was not able to go on with the trial on the day of the trial, either alone, or as an assistant to other counsel, and so stated to the court, before the trial commenced.

U. P. SMITH, attorney for appellant.

PENCE & CARPENTER, attorneys for appellees.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

The bill in this case, upon its face to remove clouds from the title of appellant to a large quantity of property in the city of Chicago, of the value of $100,000, was filed April 25, 1892. The bill was answered, and cross-bills were filed in the summer and winter of 1892. On May 8, 1895, the case was reached for trial on the regular chancery calendar; this was more than three years after the filing of appellant's bill. Appellant then, on account of the illness of his counsel, Mr. Ammen, asked that the cause be continued or passed until the recovery of Mr. Ammen.

Whereupon it was agreed in open court that the cause might be continued to May 16th, with the understanding that if Mr. Ammen was then ill, other counsel should be engaged; the court then saying that the cause must be tried at that time.

This appears from the certificate of evidence made upon the motion for a rehearing.

The attempt to, by affidavit, contradict what thus appears, is futile; if the certificate is untrue, either because of what is therein set forth, or what is omitted therefrom, appellant should have had the same corrected; as it is, it imports absolute verity.

That Mr. Ammen was ill when the cause was heard, is undisputed. From the affidavit of Mr. Crea, appellant's other solicitor, it appears either that Mr. Crea was not, until May 15th, informed that the cause would be tried May 16th, or that having been, as he should have been, notified at

once of the order of May 8th, he having been for some time prior to May 15th, laboring under a severe attack of neuralgia of the head, " which unfitted him for the transaction of business," did nothing toward procuring other counsel or informing appellant, appellees, or Mr. Ammen, that he, Mr. Crea, would quite likely be unable to try the cause on May 16th.

Appellees were suffered to remain in ignorance, not only of the continued illness of Mr. Ammen, the absence of Mr. Harding, the inability of Mr. Crea, but of the fact that May 16th, because of these things, an application for further delay would be made.

May 16th, appellees with their counsel were, pursuant to the order of court, ready for trial. Mr. Crea, too ill to try the cause, appeared and asked that the cause be postponed until Mr. Harding's presence could be procured, and until Mr. Ammen should recover from his illness. It was shown that Mr. Harding was also absent because of his illness.

The application for postponement was for an indefinite period, without a showing of any diligence in endeavoring to be ready for trial, or any assurance that another continuance would result differently from what that of the 8th of May had. Negligence of counsel is negligence of the party. Either counsel or party was negligent in endeavoring to be ready for trial on the 16th. The case was of a nature in which parties are entitled to a speedy hearing. Large amounts of property of great value were by the litigation tied up and rendered unsalable. It was for the interest of all that a hearing be had at the earliest possible day.

There was no abuse of discretion by the court, and its refusal to grant a rehearing is affirmed.